[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, through counsel, filed a writ of habeas corpus alleging the following: he was a defendant charged with one count of robbery in the first degree and conspiracy to commit robbery in the first degree. The petitioner was represented by Attorney Liskov. He pleaded not guilty and elected a jury trial. On April 7, 1993, the petitioner was found guilty on one count of robbery in the first degree, the trial court previously granting his motion for judgment of acquittal on the conspiracy charge. The petitioner was sentenced to a term of fifteen (15) years suspended after twelve (12) years with five (5) years probation. The petitioner appealed his conviction, which was upheld and appears in 39 Conn. App. 63 (1995).
The petitioner, in his habeas petition, alleges he elected to go to trial on the advice of trial counsel; which was incomplete and incorrect; failure of trial counsel to complete an adequate investigation and the circumstances surrounding the incidents giving rise to the charges; petitioner's assertions concerning his liability or lack thereof for the crimes charged; availability of defenses; failure to call vital witnesses; failure of trial counsel to file a motion to suppress seized evidence; failure to present physical evidence on his behalf; alleging trial counsel's performance as below the standard of reasonable competence and the allegation that because of the above, a reasonably probable different result, which constituted ineffective assistance of counsel.
This matter came before this court on March 24, 1997, and the CT Page 9293 parties stipulated to the trial transcripts resulting in the petitioner's conviction. The petitioner, Jamie Pettway, testified that after his arrest, Attorney Liskov was appointed as a public defender to represent him. Attorney Liskov represented him throughout his criminal case up to and through his trial. He alleges Attorney Liskov never visited him in jail and that they never discussed his plea, the trial or evidence. He further alleges there was no discussion of trial strategy although he told Attorney Liskov of witnesses, including his employer, who he requested be subpoenaed, as well as a Ms. Johnson as an alibi witness. Ms. Johnson attended the trial but was not called as a witness. At the trial, he claims the victim described the robber wearing different clothing than he was wearing, and also that he was handcuffed when brought by the police to the scene of the crime. He also testified $110 was taken from him by the police. The petitioner also alleges he wanted to testify but Attorney Liskov told him not to testify, as he had several prior convictions. He also claims he told Attorney Liskov of one Hopkins, who was alive at the time of trial (now dead), but he was not called as a witness. The plea bargain before trial was twenty-two (22) months. On cross-examination, the petitioner stated that Attorney Liskov never visited him at jail, never procured any evidence in his behalf and, although he wanted to testify, Attorney Liskov said "no." Also, that he gave his pay stubs to Attorney Liskov and told him that Debby Johnson and Jimmy Hopkins were his alibi witnesses.
Attorney Liskov testified he has been a criminal defense lawyer for twenty-eight (28) years since March, 1969. He confirmed his appointment as public defender for the defendant after his arraignment. Attorney Liskov testified he discussed the charges with the petitioner thoroughly on each occasion he was brought to court (five or six times). His investigator went to the scene of the crime and took photographs, which he showed to the petitioner. He also testified he reviewed the state's attorney's file including all reports. He also stated Pettway told him he was in the area where he was picked up by the police, having been dropped off by another man, but never told his counsel about a woman witness. Pettway didn't know the name of this man but thought his name might be Jeff. The trial started on April 1, 1993, after the hearing on the motion to suppress the one-on-one identification. Attorney Liskov also filed a motion in limine with respect to petitioner's prior felonies, which was denied by the court. At this point, he advised petitioner not to testify because of his prior convictions. Attorney Liskov also CT Page 9294 testified to extensive plea bargain negotiations with the state prepared to offer twenty-two (22) months, which plea offer was rejected by the petitioner. Attorney Liskov testified he explained to the petitioner that he was facing a maximum sentence of forty (40) years if convicted and that he showed him the victim's statement. Finally, he testified that the defendant never told him of the two alleged witnesses.
This court finds that defense counsel aggressively defended the petitioner with the result that he was acquitted by the court of the conspiracy count. In order for the petitioner to prevail on the issue of ineffective assistance of counsel, he must meet the burden of proving the two-pronged Strickland test adopted by our Supreme Court in Johnson v. Commissioner, 218 Conn. 403, 425
(1991). First, he must establish (1) deficient performance, and (2) actual prejudice, thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v.Washington, 466 U.S. 668, 687, 692-94, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). A court, however, need not determine the deficiency of counsel performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim.Aillon v. Meachum, 211 Conn. 352, 362, 559 A.2d 206 (1989). The court here finds no deficiencies on the part of trial counsel so it will dispose of this habeas petition solely on the basis of the prejudice claim. A court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would have likely been different absent the errors. Strickland v. Washington, supra, 446 U.S. 696. TheStrickland court mandates that the habeas court consider both "unaffected findings" and "the effect of the errors on the remaining findings." This court finds that any claimed deficiencies of trial counsel would not have led to a different result at trial. As the testimony of Mr. Forte (victim) clearly established when questioned:
 Q. Now, do you see either one of these two individuals in court today?
 A. The one that was at the pump is that person in the middle. . . .
Q. May the record reflect he identified Mr. Pettway? CT Page 9295
 Q. How far — close were you to Mr. Pettway when this conversation took place at the gas station?
 A. I was approximately — he was — I was at the door of my car. He was at the gasoline tank, which is only two feet away. . . .
 A. Very well lit gasoline station. I saw pretty much their faces. . . .
Accordingly, the court denies the petitioner's amended petition for habeas corpus.
Grogins, J.